IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES SHARP (B-64625), | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 06 C 2579 |
| COLLEEN FRANKLIN, SANDRA HAWKINS and JOHNNIE FRANKLIN,[1] | ) ) ) | Judge Ronald A. Guzmán |
| Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Charles Sharp has sued Stateville Correctional Center employees pursuant to 42 U.S.C. § 1983 alleging that: (1) Colleen Franklin, his inmate counselor, ignored his complaints about abuse he suffered at the hands of another correctional officer and retaliated against him for filing a grievance about her conduct; (2) Johnnie Franklin, who is Colleen's husband as well as a Stateville employee, threatened plaintiff; and (3) Sandra Hawkins, a Stateville grievance counselor, ignored plaintiff's grievances. Defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court grants the motion.

## Facts

Plaintiff was incarcerated at Stateville in 2005. In April 2005, Correctional Officer Paul Buchanan used excessive force against plaintiff. (R. 1, Compl. at 6.) Plaintiff complained about the excessive force, but Colleen Franklin (plaintiff's counselor at Stateville) ignored his complaints. On June 6, 2005, plaintiff filed a grievance about Colleen Franklin's unprofessional conduct, asserting that she spent much of her time talking to her husband (Johnnie Franklin) instead of

---

[1] Sharp also sued correctional officer Paul Buchanan, who died during the pendency of this suit. Because an estate was never opened for Buchanan and no party has been substituted for him, the Court dismisses without prejudice the claims plaintiff asserts against him.

tending to the prisoners in her area of the prison. (R. 80-2, Defs.' Rule 56.1 Stmt., Ex. G (grievance); Ex. C, Pl.'s Dep. at 16-17.) Because plaintiff checked the box on the grievance form indicating that it was an emergency, the grievance was not reviewed by Sandra Hawkins (grievance counselor), but instead by Warden Deirdre Battaglia, who determined that the grievance was not an emergency and returned it with the instruction that plaintiff refile it not as an emergency. (R. 80-2, Ex. G.) Plaintiff did not refile the grievance, possibly because he did not receive Battaglia's response until after he was transferred to another prison. (R. 80-2, Ex. C, Pl.'s Dep. at 17.)

Between June 10th and 20th, plaintiff asked Colleen Franklin several times about the grievance, but he did not get a response. (*Id.* at 19-20.) On June 22, 2005, plaintiff wrote a letter to Colleen Franklin, stating that he needed to speak to her "face to face as my counselor." Plaintiff stated that Colleen Franklin had not provided plaintiff with copies of his grievances or his affidavit. Plaintiff further stated, "what I need to talk to you about is very detrimental to your marriage. I mean no harm nor do I need any trouble. If your husband or anyone else messes with me about the letter, I will go public with what I know starting with the warden" which will "jeopardize your job." Plaintiff threatened that if Colleen Franklin did not speak to him by Wednesday of the following week, "I'm going to the warden, your husband, Springfield." (R. 80-2, Ex. D.) According to plaintiff, his threats were meant to get Colleen Franklin's attention so that he could talk to her about other issues, such as his ailing mother, going to the funeral if she died, and getting his cellmate's property back for him. (R. 84-2, Ex. C, Pl.'s Dep. at 24-25.)

On June 24, 2005, Colleen Franklin met with plaintiff, spoke to him about the letter, his ailing relative, and then issued him a disciplinary ticket for having written the letter. (R. 84-2, Ex. C, Pl.'s Dep. at 27; R. 80-2, Ex. E, Stateville Adjustment Committee Report.) The disciplinary ticket charged plaintiff with intimidation or threats, bribery or extortion, and sexual misconduct (plaintiff asked Colleen Franklin if he could masturbate in front of her). (R. 80-2, Ex. E) (the

masturbation comment may have been made at a different time than the 6/24/05 conversation); (R. 80-2, Ex. C, Pl.'s Dep. at 27.) Plaintiff alleges that Officer Buchanan, upon learning of the disciplinary ticket, again beat plaintiff. (R. 1, Compl. at 9-10.)

At the disciplinary hearing, the Adjustment Committee, satisfied with Colleen Franklin's report, found plaintiff guilty of intimidation or threatening of an officer, but not the other two counts. Plaintiff's grade was reduced for two months, he was placed in segregation for a month, and he received commissary restrictions for three months. (R. 80-2, Ex. E, Adjustment Committee 6/29/05 Report.)    On June 25, 2005, Correctional Officer Johnnie Franklin (Colleen's husband) visited plaintiff and discussed plaintiff's letter to Colleen Franklin. According to plaintiff, Johnnie Franklin said that he would wait until plaintiff was out of segregation and in general population before doing anything to him. Plaintiff stated in his deposition that Johnnie Franklin did not verbally threaten bodily harm, but his body language suggested that he might physically harm plaintiff. Plaintiff admitted, however, that Johnnie Franklin "never touched [plaintiff]" at any time. At most, Johnnie Franklin's comment "was only a threat." (R. 80-2, Ex. C, Pl.'s Dep. at 53.) Plaintiff has submitted several affidavits from other inmates stating that they heard Johnnie Franklin threaten plaintiff for disrespecting Johnnie's wife. (R. 85, Exs. C, D, and E.)

With respect to Sandra Hawkins, plaintiff contends that she did not respond to his grievances. However, plaintiff labeled several grievances as emergencies, which were given to the warden and not Hawkins. (R. 80-2, Ex. C, Pl.'s Dep. at 65-68.) Plaintiff acknowledged that Hawkins had nothing to do with the incidents involving Colleen and Johnnie Franklin or Paul Buchanan, and that plaintiff named Hawkins as a defendant based solely on her role as grievance officer and her handling of his grievances. (*Id.* at 70.)

## Discussion

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). In determining whether of a genuine issue exists, the Court views all of the facts, and the reasonable inferences that can be drawn from them, in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

The movant bears the initial burden of demonstrating that there is no genuine issue of material fact and that judgment based upon the uncontested facts is warranted. *See Celotex Corp.*, 477 U.S. at 325. If the movant meets this burden, the nonmoving party must "go beyond the pleadings and affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact which requires trial." *Borello v. Allison*, 446 F.3d 742, 748 (7th Cir. 2006) (internal citations omitted); *Celotex*, 477 U.S. at 322-26. A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if a reasonable finder of fact could return a decision for the nonmoving party based upon the record. *See Anderson*, 477 U.S. at 252; *Insolia v. Phillip Morris Inc.*, 216 F.3d 596, 599-98 (7th Cir. 2000).

When addressing summary judgment motions, the Court derives the background facts from the parties' Local Rule 56.1 Statements, which assist the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a

disputed fact with admissible evidence." *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Specifically, Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004). The nonmoving party must admit or deny each factual statement proffered by the moving party and concisely designate any material facts that establish a genuine dispute for trial. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Each party's statement should contain short numbered paragraphs including references to the record, affidavits, and other supporting materials. *Id.*; *see Ammons*, 368 F.3d at 817.

Because plaintiff is a *pro se* litigant, defendants served him with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment" as required by Northern District of Illinois Local Rule 56.2. The notice explains the consequences of failing to properly respond to a motion for summary judgment and to a statement of material facts under Fed. R. Civ. P. 56(e) and Local Rule 56.1.

The purpose of a Local Rule 56.1 Statement is to identify the relevant evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan*, 467 F.3d 1057, 1060 (7th Cir. 2006). The types of evidentiary material available to support a Local Rule 56.1 statement vary, but most commonly include affidavits, deposition transcripts, and business documents. *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000). A litigant's failure to respond to a Local Rule 56.1 Statement results in the Court considering the uncontested statement as true. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006). Also, the Court may disregard statements and responses that do not properly cite to the record. *See Cichon v. Exelon Generation Co., L/L.C.*, 401 F.3d 803, 809-10 (7th Cir. 2005); *Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997). Furthermore, a party may not satisfy his or her Local Rule 56.1 requirements for

responses with "evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon*, 233 F.3d at 528.

Although courts must construe *pro se* pleadings liberally, see *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), a plaintiff's *pro se* status does not excuse him from complying with these Local Rules. *See Greer v. Bd. of Ed. of City of Chi.*, 267 F.3d 723, 727 (7th Cir. 2001); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993) ("we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.") With these standards in mind, the Court turns to the claims and evidence of this case.

In this case, defendants Colleen and Johnnie Franklin and Sandra Hawkins filed a motion for summary judgment, a Rule 56.1 Statement, and a Notice to Pro Se Litigants. (R. 80, 80-1.) Plaintiff has responded to the motion for summary judgment and has submitted his own Rule 56.1 Statement. (R. 83, 84, 85.) Plaintiff's Rule 56.1 statements, however, do not specifically refer to the defendants' Rule 56.1 statements. The Court thus may consider the defendants' statements true. Nevertheless, the defendants' Rule 56.1 statements are supported by the record, such that the Court would consider those statements true, even if plaintiff's Rule 56.1 statements properly referred to them. A review of the above pleadings submitted by defendants and by plaintiff, including the attachments thereto, reveals that defendants are entitled to summary judgment.

I.      **Retaliation Claim Against Colleen Franklin**

Plaintiff alleges that Colleen Franklin retaliated against him for having filed a grievance about her. Plaintiff contends that the 6/24/05 disciplinary ticket issued by Colleen Franklin was in retaliation for plaintiff having complained about her unprofessional conduct earlier that month.

To establish retaliation, a plaintiff must demonstrate that he engaged in protected activity and that the defendant retaliated against him based upon that activity. *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996); *see McElroy v. Lopac*, 403 F.3d 855, 858-59 (7th Cir. 2005). A plaintiff must show a chronology of events from which retaliation can be inferred and show that retaliation was a motivating factor for the defendant's conduct. *Babcock*, 102 F.3d at 275. Even if a plaintiff establishes a retaliatory motive, he must also demonstrate that the complained of action would not have occurred without the retaliatory motive. Retaliation does not exist if the complained of action would have still occurred. *Id.* (*citing Mt. Healthy City Sch. Dist. v. Doyle,* 429 U.S. 274, 287 (1977)); *see Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 669 (7th Cir. 2005).

When addressing the protected activity prong in non-prisoner case, courts usually require that First Amendment activity involve a matter of public concern. With respect to prisoners, however, the First Amendment right includes the right to petition the Government for redress of grievances. The Seventh Circuit recently clarified that "a prisoner's speech can be protected even when it does not involve a matter of public concern." *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009).[2] Although plaintiff need not show that his protected activity involved speech about a public concern, he must still show that the retaliation was based upon his attempts to seek redress of his grievance, which the summary judgment evidence demonstrates he cannot prove.

---

[2] The Seventh Circuit left open the question whether the public-concern requirement "ought to apply to a prisoner-employee's free speech claim" where the prisoner's retaliation claim is based upon speech pertaining to his role as an employee at a prison job. *Bridges*, 557 F.3d at 552, n.3 (*citing McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005)). The Court concluded that it need not decide that issue given that the plaintiff in that case "was not speaking as a prisoner-employee." *Bridges*, 557 F.3d at 552, n.3. In the instant case, plaintiff's retaliation claim is based upon his grievance about Colleen Franklin's refusal to respond to his complaints and is not based upon any speech by plaintiff as a prisoner-employee. The public-concern requirement thus does not apply. (R. 80-2, Ex. C, Pl.'s Dep. at 16-20); *Bridges*, 557 F.3d at 552 n.3.

Although plaintiff's allegation that Colleen Franklin's disciplinary ticket was retaliatory may have been sufficient at the pleadings stage, the summary judgment evidence reveals that Plaintiff cannot prove retaliation. Alleging a retaliation claim is relatively easy; however, proving such a claim is hard and, at the summary judgment stage, a plaintiff must do more than merely allege retaliation. "[W]hen confronted with a motion for summary judgment, a party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Roger Whitmore's Auto. Servs., Inc.*, 424 F.3d at 669 (quoting *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988)). A plaintiff must do more than show that he engaged in protected activity and that he was later adversely treated. He "must present something by which a jury could connect the dots between" the protected activity and the adverse treatment. *Roger Whitmore's Auto. Servs., Inc.,* 424 F.3d at 669.

Although plaintiff alleged that he wrote a grievance against Colleen Franklin and she later wrote a disciplinary charge against him, the evidence now reveals that he wrote a threatening letter to Franklin two days before the disciplinary charge. Plaintiff acknowledges that he wrote the 6/22/05 letter to Colleen Franklin and that the letter threatened her with loss of her job or the publicizing of information about her. (R. 80-2, Ex. C, Pl.'s Dep. at 22-25; *see also* Ex. D (6/22/05 letter).) Plaintiff states that the June 24, 2005 disciplinary ticket was retaliatory with respect to his June 6, 2005 grievance and not a response to his June 22, 2005 letter. His only support, however, are his bald assertions that the ticket was written for the grievance and not the letter, and his explanation that his letter to Colleen Franklin did not actually threaten her but only "shows an implied threat." (R. 80-2, Ex. C, Pl.'s Dep. at 21; R. 85, Pl.'s Rule 56.1 Stmt. at 2.) Plaintiff's attempt to characterize the letter as non-threatening is belied by the letter itself. (R. 80-2, Ex. D.)

The summary judgment evidence clearly demonstrates that the disciplinary ticket was based upon plaintiff's letter. Even if he could show that Colleen Franklin had a retaliatory motive because of plaintiff's June 6, 2005 grievance, he cannot establish that the grievance was the motivating factor for the disciplinary ticket or that he would not have been disciplined but for his grievance. There is no issue of material fact with respect to this claim. Accordingly, summary judgment is granted on this issue and the Court dismisses the retaliation claim.

## II. Claim that Johnnie Franklin Threatened Violence

Plaintiff's claim against Johnnie Franklin is that he threatened to physically harm plaintiff in response to plaintiff's threatening letter to Colleen Franklin (Johnnie's wife). Although plaintiff submits several affidavits stating that they heard Johnnie Franklin threaten plaintiff, (R. 85, Exs. C2, D, and E), the undisputed facts reveal that Johnnie Franklin never harmed or even touched plaintiff. (R. 80-2, Ex. C, Pl.'s Dep. at 53) (plaintiff stated that Johnnie Franklin never touched plaintiff).

Even reading the evidence in a light most favorable to plaintiff, Johnnie Franklin's threat of physical harm and possible harassment of plaintiff do not rise to the level of a constitutional violation. *See Duncan v. Baird*, No. 04 C 3196, 2004 WL 2339334, *1, 3-4 (N.D. Ill. Oct. 14, 2004) (St. Eve, J.) (threats of physical violence alone without any physical injury do not state a § 1983 claim for relief); *see also* 42 U.S.C. § 1997e (no federal civil action may be brought by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury"); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment").

There is no issue of material fact with respect to plaintiff's claims against Johnnie Franklin, and it is now clear that plaintiff does not have a valid section 1983 claim against this defendant. Accordingly, the Court grants summary judgment on this claim and dismisses it.

III.     Claim Against Sandra Hawkins

Plaintiff contends that Sandra Hawkins, a grievance examiner, failed to respond timely to several grievances. Plaintiff states that he did not receive a response to some of his grievances until after he was transferred to Menard Correctional Center. (R. 80-2, Ex. C, Pl.'s Dep. at 62-64.) Plaintiff may also be alleging that Colleen Franklin failed to respond to plaintiff's grievance and complaints.

The Constitution does not require a grievance procedure. Thus, the alleged failure of prison officials to respond to a grievance, by itself, does not amount to a constitutional violation. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). Although a prisoner cannot be retaliated against for having filed a grievance, an assertion that a grievance was not adequately addressed does not itself state a constitutional claim.

A prison official may be liable under 42 U.S.C. § 1983 for failing to remedy a constitutional violation, and a lack of response to a grievance may show that the official was aware of a violation but failed to act. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *see also Lieberman v. Budz*, 2007 WL 1810493, 12 (N.D. Ill. 2007). However, this case does not involve plaintiff filing grievances about an ongoing violation. Rather, plaintiff's grievances to Hawkins concerned past occurrences (the issuance of a disciplinary ticket in April 2005; an incident of excessive force by an officer). (R. 80-2, Ex. C, Pl.'s Dep. at 62-70.) Plaintiff clarified that his claim against Hawkins is not that she was involved with or could have prevented the excessive force, the threats, or the retaliation that are the subject of the claims in this

suit. Rather, plaintiff named Hawkins as a defendant solely because "she is a grievance officer and it's her job to respond to grievances." (*Id.* at 70.) Such a claim does not state a ground for section 1983 relief. *Antonelli*, 81 F.3d at 1430; *Lieberman,* 2007 WL 1810493 at *12. Similarly, to the extent that plaintiff alleges that Colleen Franklin refused to respond to grievances, her failure to respond was for a past use of excessive force by Officer Buchanan, not an ongoing problem. (*See* R. 80-2, Ex. C, Pl.'s Dep. 18-19.)

Plaintiff has not stated a claim against either Hawkins or Colleen Franklin with respect to the refusal to address grievances. The Court therefore grants summary judgment as to this claim.

Accordingly, the Court grants the motion for summary judgment and dismisses with prejudice the claims against Colleen Franklin, Johnnie Franklin, and Sandra Hawkins. The only remaining claim in this suit is that Officer Buchanan used excessive force against Plaintiff. As previously stated, Officer Buchanan passed away in 2007, and plaintiff has not substituted a party for Buchanan. The Court dismisses the claim against Buchanan without prejudice.

## Conclusion

Defendants Colleen Franklin, Johnnie Franklin, and Sandra Hawkins' motion for summary judgment [doc. no. 80] is granted and the Court dismisses with prejudice the claims against them. With respect to any of plaintiff's claims against Paul Buchanan, now deceased, such claim is dismissed without prejudice. This case is dismissed. All other pending motions are hereby stricken as moot.

**SO ORDERED**　　　　　　　　　　　　**ENTERED:**

February 26, 2010

*Ronald A. Guzman*

**HON. RONALD A. GUZMAN**
**United States Judge**